## TWO HUNDRED AND SIXTEEN LOADS AND SIX HUNDRED AND SEVENTY-EIGHT BARRELS OF FERTILIZER.[1]

### (District Court, E. D. Virginia. July 13, 1881.)

DEMURRAGE—LIEN ON CARGO—EFFECT OF DELIVERY.
    When cargo has been absolutely delivered to the consignee before service of process thereon, the lien for demurrage is lost.

This was a libel for demurrage filed by Thomas K. Jones, master of a schooner, against her cargo of fertilizer. The libel was filed on the day on which the delivery of the cargo to the consignee was completed, and process was not served thereon until the following day.

HUGHES, District Judge. There is no doubt that a cargo may be libeled for freight so long as it is on the vessel or in custody of a wharfinger or warehouseman, holding either actually or constructively for the owner of the vessel. But, when the cargo has been absolutely delivered to the consignee against whom the freight is claimed, the maritime lien is lost, and the jurisdiction of the admiralty court to enforce it is lost with it; for it is settled law that "the lien of a ship-owner for freight, being but a right to retain the goods until payment of freight, is inseparably associated with the possession of the goods, and is lost by an unconditional delivery to the consignee." See the opinion of Chief Justice Taney in Bags of Linseed, 1 Black, 108. The libel must be dismissed at the libelant's costs; and the clerk may check upon the fund in bank for the costs, and, after deducting these, then in favor of the master for the residue of the sum.

  [1] This case has been heretofore reported in 5 Hughes, 310, and is now published in this series, so as to include therein all circuit and district court cases elsewhere reported which have been inadvertently omitted from the Federal Reporter or the Federal Cases.